UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: JOHN S. DEEDS                                          CASE NO. 05-17047-DWH

CINCINNATI INSURANCE COMPANY,
as subrogee of Faye Bridges                                   PLAINTIFF

VERSUS                                                        ADV. PROC. NO. 06-01014-DWH

JOHN S. DEEDS, et al.                                         DEFENDANTS

OPINION

On consideration before the court is a motion for summary judgment filed in the above captioned adversary proceeding by Cincinnati Insurance Company, as subrogee of Faye Bridges, (hereinafter "CIC"); no response having been filed by the debtor/defendant, John S. Deeds, ("Deeds"); and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), (I), and (O).

II.

CIC's complaint alleges that on November 6, 2004, Deeds drove on a public road in Desoto County, Mississippi, while under the influence of alcohol, and, while driving in an impaired state, collided with Faye Bridges ("Bridges"). As a result of this accident, Bridges suffered injuries to her person and property. An insurance policy was in effect between Bridges

and CIC on the date of the accident. Following the payment of Bridges' claims, primarily related to her medical expenses, CIC acquired rights against Deeds as Bridges' subrogee. On August 26, 2005, CIC filed suit against Deeds in the Circuit Court of Desoto County, Mississippi, under the theories of trespass and wanton and/or negligent operation of an automobile. The summons and complaint were served upon Deeds on August 29, 2005. CIC applied to the Clerk of the Desoto County Circuit Court for a default on October 27, 2005.

On October 4, 2005, Deeds filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. CIC received notice of Deeds' bankruptcy filing on November 1, 2005. CIC filed the above captioned adversary proceeding on January 9, 2006, asserting that Deeds was indebted to it as Bridges' subrogee in the amount of $50,000.00, and sought a non-dischargeable judgment pursuant to 11 U.S.C. §523(a)(9).

In proximity to the filing of the subrogation action and Deeds' bankruptcy filing, criminal proceedings were brought against Deeds for driving under the influence in the Municipal Court of Olive Branch, Mississippi. There were two charges filed: 1) driving under the influence (DUI) first offense, and 2) no proof of insurance. A trial date was set for June 23, 2005, but, on the date of the trial, Deeds plead guilty to the charge of no proof of insurance. The court dismissed the charge of DUI first offense. Following the dismissal in the municipal court, Deeds was indicted by the Desoto County Grand Jury on August 19, 2005, under Mississippi Code §63-11-30(5) - driving under the influence causing injury. A bench trial was conducted in the Circuit Court of Desoto County after Deeds waived his right to a jury trial and requested a bench trial. Deeds was found guilty and sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. Seven years were to be served followed by eight years

2

of post-release supervision. The Supreme Court of Mississippi affirmed the conviction by an opinion dated December 3, 2009.

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

IV.

11 U.S.C. §523(a)(9) states as follows:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -

> (9) for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.

The United States Bankruptcy Court for the Northern District of Ohio in *In re Phalen*, 145 B.R. 551 (Bankr. N.D. Ohio 1992), addressed the burden of proof that would apply to the dischargeability exception set forth in 11 U.S.C. §523(a)(9). The court stated "[t]o determine nondischargeability of a debt set forth in §523(a)(9), a court must determine by a *preponderance of the evidence* that the debtor was legally intoxicated under state law and that the liability resulted from the operation of a motor vehicle." *Id.* at 554 (emphasis added). *See also, In re Wiggins*, 180 B.R. 676, 680 (M.D. AL, 1995). The United States Supreme Court adopted the preponderance of the evidence burden of proof standard for all of the dischargeability exceptions included under 11 U.S.C. §523(a) in *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 661, 112 L.Ed. 2d 755 (1991).

There are three elements a plaintiff must prove under §523(a)(9): 1) the existence of a debt for death or personal injury; 2) caused by operation of a motor vehicle, vessel or aircraft; and 3) being operated unlawfully under state law due to the debtor's intoxication. 4 Collier on Bankruptcy ¶523.15 (Alan N. Resnick and Henry J. Sommer eds. 16th Ed.)

The burden of proof to sustain a conviction in a criminal case requires a determination that the defendant is guilty of every element of the crime charged beyond a reasonable doubt.

*United States v. Gaudin*, 515 U.S. 506, 510, 115 S. Ct. 2310, 132 L.Ed. Ed 444 (1995); *Rigby v. State*, 826 So. 2d 694, 700 (Miss. 2002). Deeds was convicted of the crime of driving under the influence causing injury pursuant to Miss. Code Ann. §63-11-30(5) by the Circuit Court of Desoto County beyond a reasonable doubt, a much stricter standard than the preponderance of the evidence standard that this court is required to apply in a non-dischargeability cause of action. *See, Grogan* and *Phalen, supra.*

Each element that CIC is required to prove in order to establish a §523(a)(9) discharge exception will now be addressed. First, CIC must prove the existence of a debt for death or personal injury. In Deeds' Schedule F, filed with his bankruptcy petition, he listed a debt owed to "Faye Bridges Cincinnati Insurance Co., P.O. Box 9567, Birmingham, AL 35220," as a result of an automobile accident on November 6, 2004 in the amount of $72,355.00. The existence of the debt is, therefore, undisputed. The Circuit Court of Desoto County found that Bridges was seriously injured in this automobile accident and was taken to the Regional Medical Center at Memphis. This conclusion was affirmed by the Mississippi Supreme Court. *Deeds v. State*, 27 So. 3d 1135, 1145 (Miss. 2009). In his affidavit, Jeff Harbison, the claims representative who investigated the accident for CIC, indicated that Bridges' medical expenses totaled $77,552.46. Harbison stated that he extracted this information from the hospital records. The court is satisfied that the first element has been established.

The second element is that the death or personal injury was caused by Deeds' operation of a motor vehicle. The accident report, admitted into evidence at the trial in the Circuit Court of Desoto County, indicates that Deeds was driving the vehicle which struck Bridges' vehicle. Deeds also testified in his deposition taken in this proceeding that he was involved in the same

5

motor vehicle collision. (Deeds' deposition at pp. 49, 53). The court is satisfied that the second element has been established.

The third element requires proof that Deeds was operating the vehicle unlawfully under state law due to his intoxication. The Desoto County Circuit Court admitted into evidence the results of Deeds' blood alcohol test over his objection. On appeal to the Mississippi Supreme Court, Deeds asserted that the admission of the blood alcohol test was error, "because the state failed to establish the first link in the chain of custody when it failed to identify the individual who took his blood sample, failed to establish that the individual who took the blood sample was qualified to perform the procedure, and failed to establish the specific procedure utilized to take the blood sample." *Deeds*, 27 So. 3d at 1141. Deeds also contended that the admissibility of the blood alcohol test violated his Sixth Amendment right to confront witnesses against him, as well as, that it violated his Fourth Amendment rights because the taking of his blood without his consent constituted an improper seizure. *Id.* Finding that the admissibility of the blood alcohol test was without error, the Circuit Court's decision was affirmed by the Mississippi Supreme Court.

CIC attached as Exhibit "B" to its motion for summary judgment the results of Deeds' blood alcohol test which indicated a blood alcohol level of 0.13%. Miss. Code Ann. §63-11-30(1)(c)(1972) states in pertinent part:

> It is unlawful for any person to drive or otherwise operate a vehicle within this state who...(c) has an alcohol concentration of eight one-hundreths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law.

6

Since Deeds' blood alcohol level at the time of the accident was clearly above the legal limit of .08%, he was unlawfully operating the vehicle under the influence in violation of Mississippi law. This fact was determined beyond a reasonable doubt by the Circuit Court of Desoto County and affirmed by the Mississippi Supreme Court. In addition, this court entered an order on March 5, 2007 to the effect that Deeds' invocation of his Fifth Amendment privilege, in order to refrain from answering deposition questions about his consumption of intoxicating beverages at the time of the accident, created an adverse inference that his answers would be unfavorable. Considering all of these factors, this court concludes that the third element to sustain a §523(a)(9) discharge exception has been established.

Following the foregoing analysis, the court determines that there are no genuine issues of material fact remaining in dispute, and that CIC is entitled to a judgment as to the issue of non-dischargeability.

V.

The court is aware that Deeds filed a Petition for a Writ of Certiorari with the United States Supreme Court on June 2, 2010. The petition was distributed to the Justices for the September 27, 2010 conference. This court has not seen this Petition since Deeds filed no response to the motion for summary judgment. Should the United States Supreme Court reverse the Mississippi Supreme Court with a decision that would negate the admissibility of Deeds' blood alcohol test, this court reserves the right to re-examine its decision on the issue of the non-dischargeability of CIC's claim against Deeds.

A separate judgment, consistent with this opinion will be entered contemporaneously herewith.

This the 1st day of September, 2010.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE